UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Donald R. Barber, # 10573-058, | ) C/A No. 4:11-2579-TMC-TER |
|                        Petitioner, | ) |
| vs. | ) **Report and Recommendation** |
| Mildred L. Rivera, *Warden FCI Estill*, | ) |
|                        Respondent. | ) |

## *Background of this Case*

Petitioner is a federal inmate at FCI-Estill. Petitioner was convicted, pursuant to a jury's verdict in the United States District Court for the Western District of North Carolina, in *United States v. Donald R. Barber*, Criminal No. 3:93-CR-124-01, of conspiracy with intent to distribute crack cocaine and was sentenced to life in prison.[1]

Petitioner's conviction and sentence were affirmed on direct appeal in *United States v. Brant*, Nos. 94-5813 and 95-5128, 112 F.3d 510 [Table], 1997 WL 225486 (4th Cir. May 5, 1997)(*per curiam*).[2] Petitioner filed a Section 2255 motion (Civil Action No. 3:00-CV-198), which was denied by the district court in North Carolina. Petitioner's subsequent appeal in his Section 2255 action

---

[1] Petitioner erroneously lists his district of conviction as the Eastern District of North Carolina on pages 2 and 4 of the Petition.

[2] The Court of Appeals affirmed the conviction of Petitioner's spouse (Ramona Brant), but vacated her life sentence. On remand, the district court re-sentenced Petitioner's spouse to life in prison. *United States v. Brant*, No 98-4562, 188 F.3d 503 [Table], 1999 WL 651622 (4th Cir. Aug. 26, 1999)(*per curiam*), which affirmed the life sentence imposed on re-sentencing.

(Fourth Circuit Docket No. 01-6398) was not successful. On July 31, 2001, the Court of Appeals dismissed the appeal. *United States v. Barber*, No. 01-6398, 14 Fed.Appx. 267, 268, 2001 WL 864139 (4th Cir July 31, 2001)(*per curiam*).

Petitioner filed a post-judgment motion (a motion for reconsideration) in his Section 2255 in the United States District Court for the Western District of North Carolina. The post-judgment motion was the subject of a mandamus action dismissed as moot by the United States Court of Appeals for the Fourth Circuit. *See In Re Barber*, No. 06-7974, 242 Fed.Appx. 23, 2007 WL 2743593 (4th Cir. Sept. 20, 2007)(*per curiam*). The United States District Court for the Western District of North Carolina denied the motion for reconsideration and the Court of Appeals dismissed the subsequent appeal. *United States v. Barber*, No. 07-7560, 268 Fed.Appx. 218, 2008 WL 628599 (4th Cir. March 7, 2008).

Petitioner[3] also filed a Motion for Reduction of Sentence, which was construed as a Section 2255 action and denied by the district court in North Carolina. *See Barber v. United States*, Cr. No. 3:93-cr-00124-FDW-1, C/A No. 3:07-cv-00454-FDW, 2007 WL 3124611 (W.D.N.C. Oct. 25, 2007), *affirmed*, No. 08-6093, 279 Fed.Appx. 226, 2008 WL 2225563 (4th Cir. May 29, 2008).

In this case, Petitioner seeks relief pursuant to the holding of our Court of Appeals in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (*en banc*), which overruled *United States v. Harp*,

---

[3] In an order filed in this case on October 24, 2011, the undersigned directed Petitioner to pay the five-dollar ($5) filing fee or submit a Motion for Leave to Proceed *in forma pauperis*. Petitioner has paid the five-dollar ($5) filing fee. *See* Receipt number SCX400007206 (D.S.C. Nov. 4, 2011). Petitioner has also submitted an additional attachment (ECF No. 15) to the Petition (ECF No. 1). In order filed in this case on October 24, 2011, the undersigned also directed the Clerk of Court to terminate the "Motion for Appropriate Relief" because the motion was actually a brief.

406 F.3d 242, 246 (4th Cir. 2005). *Simmons* addressed the requisite factors for a state law conviction to qualify as a "felony drug offense" under 21 U.S.C. §851. Petitioner challenges the sentencing enhancement he received under §851 based on his prior state court convictions. He asserts his state court convictions do not qualify as prior "felony drug offense" and, therefore, he is "innocent" of the sentencing enhancement under §851.

## *Discussion*

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition (ECF No. 1) and attachment (ECF No. 15) pursuant to the procedural provisions the Anti-Terrorism and Effective Death Penalty Act of 1996 and other habeas corpus statutes. The review[4] has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Petitioner is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Even when considered under this less stringent standard, the Petition is subject to summary

---

[4]Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

The claims raised in the above-captioned case are not proper § 2241 grounds. Whether filed by a state prisoner or federal prisoner, a petition for writ of habeas corpus under 28 U.S.C. § 2241 has only been resorted to in limited situations — such as actions challenging the administration of parole, *Doganiere v. United States*, 914 F.2d 165, 169-70 (9th Cir. 1990); computation of good time or jail time credits, *McClain v. United States Bureau of Prisons*, 9 F.3d 503, 504-505 (6th Cir. 1993); prison disciplinary actions, *United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); or imprisonment allegedly beyond the expiration of a sentence, *Atehortua v. Kindt*, 951 F.2d 126, 129-30 (7th Cir. 1991).

"[A] prisoner who challenges his federal conviction or sentence cannot use the federal habeas corpus statute at all but instead must proceed under 28 U.S.C. § 2255." *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). Since Petitioner is seeking relief from his federal sentence, the relief requested by Petitioner in the above-captioned matter is available, if at all, under 28 U.S.C. § 2255. *See United States v. Winestock*, 340 F.3d 200 (4th Cir. 2003).

The fact that a Section 2255 action may be untimely or successive does not render a Section 2255 remedy inadequate or ineffective. It is well settled in this circuit that the possibility that a § 2255 motion filed by a petitioner in the sentencing court might be rejected on the merits or found untimely or successive does not render the § 2255 remedy inadequate or ineffective. *See In re Jones*, 226 F.3d 328, 333 (4th Cir.2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); *In Re Vial*,

4

115 F.3d at 1194 n. 5; *see also Jiminian v. Nash*, 245 F.3d 144, 147-48 (2d Cir.2001) (collecting cases).  Since the claim that Petitioner seeks to raise in the above-captioned case is cognizable, if at all, under 28 U.S.C. § 2255,[5] Petitioner's available judicial remedy is to seek leave from the United States Court of Appeals for the Fourth Circuit to file a successive Section 2255 action in the United States District Court for the Western District of North Carolina. *See* 28 U.S.C. §2244(b)(3).

As stated, the claims raised in this action are not proper § 2241 grounds. Petitioner is attacking the validity of his sentence rather than his conviction, a claim that should normally be brought under 28 U.S.C. § 2255 unless Petitioner can satisfy the savings clause of § 2255. *See San–Miguel v. Dove*, 291 F.3d 257, 260–61 (4th Cir.2002).

---

[5]In its denial of Petitioner's Motion to Seduce Sentence, which was construed as a Section 2255 action, the district court in North Carolina noted:

> Finally, the Court feels it necessary to point out the obvious: that Petitioner has been provided with every possible opportunity our legal system has to provide.  He has been tried and convicted by a jury of his peers, at which trial he was provided counsel paid for by the United States taxpayer.  He exercised the right of appeal and his appeal was considered and denied by the United States Court of Appeals for the Fourth Circuit.  Petitioner then moved this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  After that motion was denied, his appeal was once again heard by the Fourth Circuit, and was once again denied. Even if this Court were able to consider Petitioner's successive and time-barred § 2255 motion, it would not be moved by Petitioner's current claims of actual innocence.
>
> For the foregoing reasons, Petitioner's Motion to Reduce Sentence is DENIED.

*Barber v. United States*, Cr. No. 3:93-cr-00124-FDW-1, C/A 3:07-cv-00454-FDW, 2007 WL 3124611, *1-*2 (W.D.N.C. Oct. 25, 2007), *affirmed*, No. 08-6093, 279 Fed.Appx. 226, 2008 WL 2225563 (4th Cir. May 29, 2008)

The savings clause states as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). The fact that relief has become unavailable under § 2255 because of the prohibition against successive petitions does not demonstrate that the § 2255 remedy is inadequate or ineffective. *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir.1997). For a § 2255 motion to be inadequate or ineffective to test the legality of a conviction, Petitioner must satisfy the test provided in *In re Jones*, 226 F.3d 328 (4th Cir.2000), which requires that:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir.2000).

Additionally, the savings clause has not been extended to include sentencing calculations made pursuant to the Sentencing Guidelines. *See United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir.2008) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence.") (*citing In re Jones*, 226 F.3d at 333–34).

In this case, Petitioner has not met the above circumstances to use a section 2241 petition to attack the legality of his conviction. Because the Petitioner is attacking the validity of his sentence, his claim is one that should be brought under section 2255. As Petitioner has not

demonstrated that he has been granted leave from the Fourth Circuit to file a successive §2255 petition, it is recommended that this petition be dismissed

## *Recommendation*

Accordingly, it is recommended that the § 2241 petition be dismissed *without prejudice and without requiring Respondent to file an answer or return.  See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("However, a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit."); *Baker v. Marshall*, No. C 94-3649 VRW, 1995 WL 150451 (N.D. Cal. March 31, 1995) ("The District Court may enter an order for the summary dismissal of a habeas petition if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in this Court."); and the Anti-Terrorism and Effective Death Penalty Act of 1996.  Petitioner's attention is directed to the important notice on the next page.

|  |  |
|---|---|
| December 13, 2011<br>Florence, South Carolina | s/Thomas E. Rogers, III<br>Thomas E. Rogers, III<br>United States Magistrate Judge |

**Notice of Right to File Objections to Report and Recommendation**

Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 2317**
**Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).